**UNITED STATES of America,
Appellee,**

v.

**Aaron L. VAN DYKE, Defendant–
Appellant.**

**No. 05–6693–CR.**

United States Court of Appeals,
Second Circuit.

Jan. 10, 2007.

Michael Farbiarz, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Sean Hecker, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Present: SONIA SOTOMAYOR, ROBERT A. KATZMANN and BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Aaron L. Van Dyke appeals from a judgment of conviction entered on December 12, 2005, sentencing him to 100 months imprisonment following a plea of guilty to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g), and one count of possessing with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 812, 841(a)(1) & 841(b)(1)(B). We assume the parties' familiarity with the facts and procedural history of this case.

We review sentencing decisions for reasonableness. *United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006). "Reasonableness is defined not only by the length of the sentence but also by the process the district court used to determine the sentence...." *United States v. Castillo,* 460 F.3d 337, 354 (2d Cir.2006). In the present case, Van Dyke challenges the reasonableness of his sentence by alleging various procedural irregularities in the district court's sentencing decision.

■ Van Dyke initially argued that the district court misunderstood its authority to reject the 100:1 crack cocaine ratio embodied in the Guidelines. However, by letter response to our November 1, 2006 order for supplemental briefing, Van Dyke conceded that this argument was foreclosed by our recent decisions in *United States v. Park,* 461 F.3d 245, 250 (2d Cir.2006) (holding that "it is not *per se* error for a sentencing judge to adhere to [Congress's] policy judgment by imposing the sentence recommended by the Guidelines"), and *Castillo,* 460 F.3d at 340 (holding that "district courts do not have the authority to reject unilaterally the 100:1 ratio on policy grounds").

■ Van Dyke's remaining contention is that the district court failed to consider his argument for a non-Guidelines sentence based on the unique circumstances of his offense—namely, that he was not a drug dealer and was unaware whether the package he obtained contained crack or powder cocaine—and thus that the district court did not discharge its duty to consider the factors listed in 18 U.S.C. § 3553(a). As this Court stated in *Fernandez,* 443 F.3d at 29, "we entertain a strong presumption that [a] sentencing judge has considered all arguments properly presented to [him or] her, unless the record clearly suggests otherwise." Here there is no suggestion that the court failed to consider the unique circumstances of Van Dyke's offense in addition to the Guidelines range, as § 3553(a) requires. *See United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). In citing to *Booker* and *Crosby,* the court made clear that it was aware of its authority to issue a non-Guidelines sentence, and it actively engaged Van Dyke's counsel with regard to Van Dyke's request for a non-Guidelines sentence, noting on two occasions that it understood counsel's argument that Van Dyke's lack of specific knowledge with respect to his possession of crack warranted a non-Guidelines sentence. Moreover, the government, in responding to Van Dyke's contentions, did not argue that offense-specific circumstances never warranted a non-Guidelines sentence, but only that, given the specific circumstances of Van Dyke's offense—the

"kind of recklessness" attendant to his possession of the crack cocaine, and his intent to return it to a known drug dealer—a nonGuidelines sentence was not appropriate. Indeed, in imposing its sentence, the court echoed the Government's responses to Van Dyke's argument, emphasizing that the nature and circumstances of Van Dyke's offense supported its decision to adhere to a sentence within the Guidelines range. While the court could have explained more fully why it rejected the claim that a lack of knowledge with respect to the substance possessed warranted a non-Guidelines sentence, "we will not conclude that a district judge shirked [his or] her obligation to consider the § 3553(a) factors simply because [he or] she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." *Fernandez*, 443 F.3d at 30. Here, the record reflects that the district court fulfilled its obligations under § 3553(a) to consider the unique circumstances of Van Dyke's offense.

Accordingly, the district court's judgment of conviction and sentence is AFFIRMED.